IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 28, 2001 Session

## LISA JOHNSON VENABLE v. BOYD WALTER VENABLE III

**Appeal from the Chancery Court for Sevier County**
**No. 98-11-444      Richard E. Ladd, Chancellor by Designation**

**FILED APRIL 26, 2001**

**No. E2000-01543-COA-R3-CV**

This divorce action was filed November 12, 1998.  All issues involving money were contested: marital assets, debts, child support, attorney fees, costs.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Modified and Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSHEL P. FRANKS, J., joined.  HOUSTON M. GODDARD, P. J., not participating.

David W. Blankenship, Kingsport Tennessee, for the appellant, Boyd Walter Venable, III.

Jerry G. Cunningham and Melanie E. Davis, Maryville, Tennessee, for the appellee, Lisa Johnson Venable.

### OPINION

These parties were married October 5, 1990, each for the second time.  Each had a child from the first marriage.  Three children were born to them.  The complaint was filed November 12, 1998 by the wife who sought a divorce, custody of the children, support for herself and the children, a division of marital assets, and attorney fees.

The defendant filed his answer generally denying all allegations of the complaint direct to wife's assertions of her entitlement to a divorce.  He counterclaimed for a divorce, joint custody of the children, and an equitable division of marital property.

After much skirmishing, and alleged churning of pleadings, the case was heard on October 6, 1999.  Wife was awarded an absolute divorce, custody of the children, $1,296.00 monthly support for the children, $75.00 monthly for medical insurance for the children, one-half of all uninsured medical and dental expenses, certain personal property, $20,611.25 attorney fees, one-half [$5,000.00] of the down payment on a lake house, and discretionary costs of $1,570.05.

Husband was awarded visitation privileges. He was ordered to pay all medical debts incurred during the marriage, together with substantial credit card indebtedness.

Husband appeals, and presents for review these issues:

(1)     Whether the attorney fees were justified and appropriately awarded against the debt?

(2)     Whether the court abused its discretion in awarding discretionary costs to Wife?

(3)     Whether the distribution of the marital debts was equitable?

(4)     Whether the amount of child support was proper?

(5)     Whether the award to Wife of one-half of the down payment on the lake house was appropriate?

Our review is *de novo* on the record. We presume the correctness of the judgment unless any provision of it is contrary to the preponderance of the evidence. Rule 13(d) Tenn. R. App. P.

## Attorney Fees

It is accepted that the marital estate is insolvent, and for this reason Husband argues that the award of attorney fees as *alimony in solido* was inappropriate since such fees could be paid, if at all, from future earnings, citing *Aleshire v. Aleshire,* 642 S.W.2d 729 (Tenn. App. 1981). This argument is somewhat misplaced. *Aleshire* does not prohibit alimony *in solido* payable from future earnings.

Tennessee Code Annotated section 36-5-103(c) provides that the plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of the court.

As indicated by its language, section 36-5-103(c) authorizes an award of attorneys' fees in custody proceedings "both upon the original divorce hearing and at any subsequent hearing." In awarding attorneys' fees pursuant to section 36-5-103(c), the trial court may consider proof of inability to pay, but "ability to pay should not be the controlling consideration." *Sherrod v. Wix*, 849 S.W.2d 780, 785 (Tenn. Ct. App. 1992). Such awards are designed "not primarily for the benefit of the custodial parent but rather to facilitate a child's access to the courts."

Conjoined is the further and more troublesome argument that the fees were excessive, and resulted from a churning of pleadings, motions, letters, conferences and conversations by wife's trial

counsel.[1] Seventeen motions, a plethora of petitions for contempt and for sanctions, none productive of any worthwhile result, barraged the court, who recognized that the amount of the fee was high which "under normal circumstances I would never award in a divorce case" and, "I've seen many cases where lawyers overworked a case but in this case I'm awarding that [the fee] for the reasons I've previously given."

The asserted churning, or overworking the file, was as attributable to the Husband's recalcitrance as it was to the combativeness of Wife and her trial counsel, and resulted in the insolvency of these parities. The Chancellor noted that Husband "had done his darndest to run up his wife's attorney bill of any client I've seen in thirty-six years at the Bar." While we certainly do not approve of the tactic the Chancellor referred to as overworking a case to increase the fees, we cannot say, given the unusual circumstances of this case, that the award of attorney fees was an abuse of discretion. *See, Hanover v. Hanover*, 775 S.W.2d 216 (Tenn. App. 1989).

## Discretionary Cost

The Chancellor held "for the same reason I awarded the high award of attorney fees I'm awarding the discretionary costs on the discretionary cost statute of the State of Tennessee, and the court costs are taxed to the defendant." The discretionary costs totaled $1,570.05, mostly reporting fees. Husband argues that he filed two offers of judgment in an effort to settle this case, and that to tax him with all court costs and discretionary costs "flies in the face of fairness."

These offers of judgment were not brought to the Chancellors' attention, so far as the record reveals. Apparently they were merely filed, and thereafter ignored, possibly because of the provisions that "if not accepted within ten days, are withdrawn."

In any event, we find no abuse of discretion in awarding these costs, or in taxing the court costs to Husband.

## The Marital Debt

Husband was ordered to pay approximately $75,000.00 of the parties' indebtedness; wife was ordered to pay $11,000.00. Husband argues that "this distribution forced him into bankruptcy, and that there is no proof in the record of a disparity of incomes that would justify such an unequal distribution of debt. The record reveals that, wife has a monthly net income of $1,794.37, which includes $240.00 monthly support for a child from a previous marriage, and $400.00 monthly for "grocery money" from Husband. From this we deduce that Wife earns $1154.37 net monthly from her employment.

This amount stands in stark contrast to the earnings, and earning potential of Husband, a practicing attorney, whose annual income, averaged over the proceeding five years, exceeded

---

[1] Who did not represent her on appeal.

$50,000.00. We also do not fail to notice that the division of marital debt closely approximated the proposal of Husband. We find no abuse of discretion respecting the allocation of debt.

### Child Support

Support monthly for the three children was determined to be $1,190.00.[2] Because Husband's income was variable, the recognized principle of averaging was utilized by the Chancellor in accordance with the Guidelines. We do not fully comprehend the argument of the Husband with respect to child support; he argues that the Chancellor relied upon the testimony of the Wife in determining Husband's income, but we find no indication of such reliance in the record. We find no error in the award of chid support.

### The $5,000.00 Award

The Husband complains of this award, insisting that the Chancellor erred in finding that it represented a division of a marital asset. According to his testimony, he borrowed "70 - 75 percent" of $10,000.00 on various credit cards which he gave to his sister for a down payment or security deposit on a house to which his sister and her husband took title.

According to his sister, she and her husband were contemplating the purchase of a vacation property, and Husband needed a place to live. She testified that "he [Husband] gave us money up front . . ."

The testimony of Husband and his sister is not contradicted in the record. Wife testified that she had no knowledge whatever of this matter, but, significantly it seems to us, the insistence of wife, at trial, that she should be awarded the entire $10,000.00 without regard to its source is hardly supportable. Husband argues that the $10,000.00 was treated as a debt he was required to pay, on the one hand, and as a marital asset, on the other.

This issue is resolved favorably to Husband, and the judgment is modified by eliminating therefrom the requirement found in Paragraph 11(F) that he pay the sum of $5,000.00 to wife.

The judgment, as modified, is affirmed, with costs on appeal assessed 85 percent to Husband, 15 percent to wife.

The motion of wife that this appeal be declared frivolous is denied. The motion of the wife for attorney fees on appeal is denied.

_____
WILLIAM H. INMAN, SENIOR JUDGE

---

[2] After correction of a mathematical error.